# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARVIN RICHARDSON,**                                                            **PETITIONER**

**V.**        **NO. 4:06CV024-P-B**

**CHRISTOPHER EPPS, et al.,**        **RESPONDENTS**

## OPINION

This cause comes before the court on the petition of Marvin Richardson ("Petitioner" or "Richardson") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The parties have submitted their briefs along with exhibits and this matter is ripe for review.

### Factual Background

In November of 2000, Petitioner went to the Hollandale Police Department and stated that something was wrong with his family. When the police arrived at the home of Petitioner's ex-wife, they found the bodies of Cynthia Richardson, the Petitioner's ex-wife, and Kamisha Lee, the Petitioner's daughter. Petitioner's four-year old son, Oliver Richardson, was also found in the home physically unharmed.

At the scene, Petitioner's behavior aroused the suspicion of the police. The police noticed that Richardson's hands were bleeding and blood on his left pant leg. Petitioner explained his behavior and his injuries by stating that he had fallen while running from a dog. He was taken into custody.

During the trial, numerous witnesses placed Richardson at or near the crime scene including his own son. Over Petitioner's objection, Oliver testified that he, Oliver, was in bed during the fatal attack and saw nothing. Oliver also testified that his father, the Petitioner, was in the house hitting his sister with his fists the night of the crime.

Petitioner did not testify and the jury convicted him on two counts of murder. Petitioner was sentenced to two consecutive life sentences without the possibility of parole based on his status as

an habitual offender. Petitioner appealed his case. The Mississippi Court of Appeals denied him relief, affirming his conviction and sentence. *Richardson v. State*, 918 So.2d 760 (Miss. App. 2005). He then filed an application for leave to pursue post-conviction relief which was denied.[1] In the petition to this court, Richardson sets forth essentially four grounds for relief.

## Grounds for Relief

In support of his petition, Richardson has asserts:

Ground One: Denial of 6th and 14th Amendment rights to a fast and speedy trial.

Ground Two: Denial of 5th, 6th and 14th Amendment rights to effective assistance of counsel.

    A. Counsel was not prepared for trial.

    B. Counsel filed numerous withdrawals in this case.

    C. Counsel rendered no investigation to determine reasonable available mitigation evidence and evidence to rebut any aggravating evidence.

    D. Counsel failed to introduce evidence of the Crime Lab report that exonerated Petitioner.

    E. Counsel failed to cross examine Oliver Richardson before the jury, so that the jury could determine whether Richardson was competent to testify.

    F. Counsel failed to present the findings of Investigator Robbins.

    G. Counsel was absent at the sentencing phase.

    H. Counsel failed to research the facts and laws concerning the indictment.

---

[1] Petitioner filed his motion for post-conviction relief in the Supreme Court, but the Court of Appeals denied him leave. *See* Miss. Code Ann.§ 99-39-27 (requiring the Supreme Court to issue a decision in all "post-conviction collateral relief appeals"); *Epps v. State*, 837 So.2d 243, 244-45 (Miss. App. 2003) (noting that permission to pursue relief rests entirely with the Supreme Court). Petitioner did not seek discretionary review in the Supreme Court. *See Richardson v. Procunier*, 762 So.2d 429 (5th Cir. 1985). The court is, therefore, not entirely satisfied that Petitioner has fully exhausted his state court remedies as required under 28 § 2254(b)(1). Respondents, however, do not raise the issue in their answer to the petition.

|  | I. | Counsel failed to object to the prosecuting attorney, Joyce Chiles, crying in the presence of the jury, and for not requesting curative instructions. |
|  | J. | Counsel erred in withdrawing motion for change of venue. |

Ground Three: Denial of 14th and 5th Amendment rights by trial court error.

    A. Trial court erred in allowing the testimony of a child of tender years.

    B. Trial court abused its discretion in allowing gruesome photos to be presented to the jury.

    C. Trial court erred for not recording in the minutes an order to amend the indictment.

    D. The trial court erred by blacking out certain words of jury instructions.

    E. The trial court erred in not granting the motion for directed verdict.

Ground Four: Denial of 14th Amendment right. Indictment was based on false and contrived testimony of Bradford Belton.

## **Procedurally Barred Claims**

In the case *sub judice*, Respondents contend that some of Petitioner's claims are procedurally barred. This court may not review claims presented by petitioner to the state court in such a manner that "the state court could not, consistent with its own procedural rules, have entertained [the claims]." *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Procedural default occurs when "a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal," or "the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred." *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) (citations omitted).

The statutory reference to consider in evaluating a procedural default is found at 28 U.S.C. § 2254(e).[2] In simple form, the procedural bar doctrine is a rule which "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). The petitioner forfeits his § 2254 claim in either case. *Id.* If "state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims" *Sones v. Hargett,*, 61 F.3d 410, 416 (5th Cir. 1995). Likewise, "if the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . there is a procedural default for purposes of federal habeas . . . ." *Coleman,* 501 U.S. at 735 n.1.

Unexhausted Claims

Respondents contend that Petitioner's claims Two (B) and (H) are procedurally barred for failure to exhaust. Having reviewed the record, it is clear that Petitioner did not raise Grounds Two (B) and (H) either at trial or on direct appeal. Because Richardson has had both a direct appeal and filed for post-conviction relief, he cannot return to the state courts to exhaust these additional claims.

---

[2]28 U.S.C. § 2254(e) states, in relevant part,

(2) If the applicant has failed to develop the factual basis of a claim in State court
proceedings, the court shall not hold an evidentiary hearing on the claim
unless the applicant shows that--
(A) the claim relies on--
(I) a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable; or
(ii) a factual predicate that could not have been previously
discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear
and convincing evidence that but for constitutional error, no
reasonable factfinder would have found the applicant guilty of the
underlying offense.

4

*See* Miss. Code Ann. § 99-39-23(6) (prohibiting successive motions). They are now procedurally defaulted and should be dismissed with prejudice. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995). *See also Coleman*, 501 U.S. 722. Petitioner has not shown cause for the default on these issues, nor has he shown any prejudice.

The court would be hesitant to dismiss Petitioner's claims without an in-depth analysis into the merits but for his failure to raise these issues when given an adequate opportunity. These issues were clearly capable of determination on direct appeal or by post-conviction motion, yet Petitioner chose to attack his conviction and sentence on other grounds. Nevertheless, the fact remains that Richardson failed to follow proper procedure and also failed to demonstrate why those established procedural rules should be ignored. Thus, the court finds that application of the procedural bar to Grounds Two (B) and (H) was proper and these claims should be dismissed.

<u>Improperly Presented Claims</u>

Respondents argue that Petitioner's Grounds One, Three (C) and (D), and Four are similarly barred for failure to meet state procedural requirements. Specifically, Respondents state that Petitioner failed to preserve these issues for appeal and, instead, asserted these issues for the first time in his petition for post conviction relief.

"Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground." *Pitts v. Anderson*, 122 F.3d 275, 278 (5th Cir. 1997). *See also Coleman*, 501 U.S. at 750; *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). "When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case." *Moore v. Roberts*, 83 F.3d 699, 701 (5th Cir. 1996), *cert. denied,* 117 S. Ct. 722, 136 L. Ed. 2d 717 (1997*)* (citing *Coleman*, 501 U.S. at 729). "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and

adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, 143 F.3d 942, 947 (5th Cir. 1998) (citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998)).

There is no legally acceptable reason for Richardson's failure to preserve these issues for appeal. According to Mississippi law, his failure in this regard bars consideration of the issues at the appellate level and during post conviction review. Miss. Code Ann. § 99-39-21; *Flowers v. State*, 947 So.2d 910, 927 (Miss. 2007). The Fifth Circuit has held that this statutory provision is an independent state procedural bar. *Stokes*, 123 F.3d at 860. Richardson offers no viable cause for the failure to preserve Grounds One, Three (C) and (D), and Four for appellate review. Nor can he show prejudice, since the questions presented by these issues are clearly a matter of state law, not federal constitutional law. *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Consequently, Grounds One, Three © and (D), and Four will not be considered by this court.[3]

## **Standard of Review**

---

[3] Not only are these grounds barred from consideration, these arguments are directly contradicted by the record. For example, in Ground One Petitioner alleges a violation of the Speedy Trial Act. In support of this allegation Richardson contends that twelve motions for continuances were filed in his criminal case, eight of which he avers where filed by the State. The State, however, insists that Petitioner never asserted his right to a speedy trial either at the trial or appeals court. Further, there were only three continuances filed in trial court and all were on behalf of Petitioner. Additionally, the State recounts the comprehensive pre-trial activity conducted on behalf of Richardson which further delayed the trial.

Also as to Ground Four, Petitioner alleges the indictment was defective because it was not signed. Yet, the exhibits provided by Petitioner include a copy of the indictment that is signed and dated.

Since the remaining Grounds were raised and rejected in the state courts, either on direct appeal or on motion for post-conviction relief, each is afforded a presumption of correctness. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). As a result, the court may issue the writ of *habeas corpus* only if the state court's ruling resulted in a decision that "(1) was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 411-13. It is not enough that the state court decision applied the law erroneously or incorrectly. The application of the principle must be unreasonable. *Id.* at 409-10. The district court must ask whether the state court's application of the principle was objectively reasonable, not whether all reasonable jurists would agree the state court made an incorrect decision. *Id.* at 408-10.

Ground Two

Each of Richardson's theories asserted in Ground Two hinges on the effectiveness of his attorney. "The ultimate determination whether counsel was constitutionally ineffective is a mixed question of law and fact that federal habeas courts have traditionally reviewed de novo." *Carter v. Johnson*, 110 F.3d 1098, 1110 (5th Cir. 1997); *see e.g. Salazar v. Johnson*, 96 F.3d 789, 791 (5th Cir. 1996); *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). However, after the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted, "federal courts must now honor the conclusions of state courts regarding the constitutional effectiveness of counsel, unless such determinations constitute an 'unreasonable application' of clearly established federal law, as determine by the Supreme Court." *Carter*, 110 F.3d at 1110; *see* AEDPA, Pub. L. No. 104-132, § 104 (3), 110 stat. 1218; *see also Moore v. Johnson*, 101 F.3d 1069, 1075-76 (5th Cir. 1996) (holding that ineffective assistance of counsel claims are reviewed under the "unreasonable application" standard).

7

To establish ineffective assistance of counsel, a petitioner must show, "(1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see also Strickland v. Washington*, 466 U.S. 688, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). When analyzing the deficiency prong, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decision in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.). The court inquires into prejudice only if the deficiency prong is satisfied. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

To find prejudice, a court on habeas review must look past mere outcome determination. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 842-43, 122 L.Ed.2d 180 (1993). The test formulated in *Strickland v. Washington*

> requires that a habeas petitioner prove not only that counsel's performance was deficient, but also that the deficient performance actually prejudiced the defense to such an extent that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.

*Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.), *cert. denied*, 514 U.S. 1071 (1995) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceedings was fundamentally unfair or unreliable is defective." *Armstead*, 37 F.3d at 207 (citation omitted). Furthermore, the

8

"unreliability" or "unfairness" mentioned in *Strickland* does not occur unless the ineffectiveness of counsel deprives the defendant of a "substantive or procedural right to which the law entitles him." *Fretwell,* 506 U.S. at 372.

Ground Two (A)

Petitioner argues, without any substantive elaboration, that his counsel's performance was deficient because he was not prepared for trial. Petitioner has failed to cite to any legal authority or portions of the record for this conclusory and all encompassing allegation. He devotes virtually no argument or attention to this issue. Therefore, neither will the court. Despite the liberal construction afforded *pro se* litigants, by failing to adequately brief or provide any serious argument, Ground II (A) is deemed abandon. *Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007).

Ground Two (C)[4]

Next, Richardson contends that his defense attorney failed to conduct an investigation to provide any mitigating evidence. Again, Petitioner fails to adequately brief this argument with citation to any legal authority. He avers, however, that the statute under which he was sentenced allowed for a life sentence either with or without the possibility of parole. Presumably, Petitioner is suggesting that mitigating evidence could have reduced his sentence. Unfortunately, Petitioner misreads the statute upon which he relies for support.

The Mississippi Habitual Offender statute states, in part, that "such a person shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." *See* Miss. Code Ann. § 99-19-83. The statute is clear. Once the State proved that Richardson fell within the statutory definition of an habitual offender, there was no room discretionary reduction in sentence based on mitigating circumstances. *Jones v.*

---

[4] As discussed *supra*, the court has determined that Ground Two (B) is procedurally barred.

*State*, 902 So.2d 593, 603 (Miss. App. 2003); *see also Perkins v. Cabana*, 794 F.2d 168 (5th Cir. 1986 *cert. denied* 479 U.S. 936, 107 S.Ct. 414, 93 L.Ed.2d 366 (finding Mississippi's habitual offender statute constitutional). Indeed, the trial judge recognized the prescribed sentence was inflexible by repeatedly interjecting, "I have no choice." (S.C.R. Vol. 7, pp. 720-22). There simply was no alternative sentence. Therefore, defense counsel was not ineffective by failing to produce mitigating evidence during sentencing. Further, the state court's rejection of this argument was entirely reasonable under *Strickland*.

Ground Two (D)

Richardson argues that defense counsel was ineffective by failing to introduce crime lab reports that allegedly would have exonerated him of the charges. Had Richardson's defense counsel actually failed to introduce exculpatory evidence, such a scenario would almost certainly rise to the level of ineffective assistance. The crime lab reports to which Petitioner refers, without elaboration, can hardly be described as exculpatory. Though the reports do not directly link Petitioner to the crime scene, they are simply inconclusive, at best.

Instead of introducing the reports as evidence, defense counsel frequently referred to the absence of direct physical evidence implicating Richardson. Furthermore, during closing arguments, defense counsel meticulously reviewed each witnesses' testimony and placed great emphasis on the lack of incriminating forensic evidence. Since the crime lab reports do not vindicate Richardson, counsel's failure to introduce them as evidence cannot be considered deficient. *Leal v. Dretke*, 428 F.3d 543, 552 (5th Cir. 2005) (rejecting argument for failure to introduce evidence showing the absence of forensic evidence). Accordingly, the state court did not err by rejecting this argument.

Ground Two (E)

Petitioner next argues that defense counsel was ineffective by failing to cross examine Oliver Richardson in the jury's presence. Rather, than a complete failure to cross examine, he specifically

complains that the competency hearings for young Oliver were held in chambers instead of in front of the jury. Under either theory, Petitioner's argument is unsupported by the law and the facts.

Courts in Mississippi "generally allow children of tender years to testify if competent." *Mohr v. State*, 584 So.2d Miss. 426, 431 (Miss. 1991); *see* Miss. Evid. R. 601. The Mississippi Supreme Court has recognized

> "the sound *discretion of the trial judge* to determine the competency of a child witness. Before allowing the child to testify, *the judge* should determine that the child has the ability to perceive and remember events, to understand and answer questions intelligently and to comprehend and accept the importance of the truthfulness."

*Hersick v. State*, 904 So.2d 116 (Miss. 2004) *emphasis added* (citations omitted); *e.g. Tillman v. State*, 947 So.2d 993, 996-97 (Miss. App. 2006). Mississippi's rule is consistent with the Federal Rule of Evidence 601. *See* Fed. R. Evid. 601; *see also*, *U.S. v. Perez*, 526 F.2d 859, 865 (5th Cir. 1976) *cert. denied* 429 U.S. 846, 97 S.Ct. 129, 50 L.Ed.2d 118.

In this case, the record clearly established that the trial judge appropriately exercised his discretion by holding two competency hearings for Oliver in chambers. Defense counsel was present and enjoyed unfettered participation in the examination. Counsel zealously argued, though without success, that Oliver was not competent to testify. Furthermore, defense counsel did, in fact, cross examine young Oliver on the stand in front of the jury. Given the broad discretion the court is to afford the state judge's competency determination and the uncontradicted facts, Richardson's argument can be easily disposed. Defense counsel did not render ineffective assistance by failing to examine Oliver's competency in front of the jury. Thus, the state court did not violate clearly established federal law nor was *Strickland* applied incorrectly. Petitioner's argument is meritless.

Ground Two (F)

Richardson complains that trial counsel was ineffective by failing to present the findings of

investigator Robbins. Similar to his treatment of Ground Two(A), Petitioner does not explain who Robbins is or any details of her alleged investigation that counsel should have introduced. He simply concludes that "Robbins could have developed material evidence that would have shown Petitioner's innocence." He further contends that the local authorities conspired to "run [Robbins] out of town." Without support or elaboration, Ground Two (F) is deemed abandon. *Johnson*, 479 F.3d at 359.

Ground Two (G)

In support of this sub-Ground, Richardson contends that counsel was not present during the sentencing phase. A cursory glance at the sentencing transcript reveals that Richardson's contention is manifestly false. The sentence was announced on January 31, 2003. Present at the hearing where "WAYNE LEE AND ROBERT BUCK FOR THE DEFENDANT." (S.C.R. Vol. 7, p. 723). If there is any doubt as to the accuracy of the transcript, both Mr. Buck and Mr. Lee stood and answered questions from the court on behalf of Petitioner. (S.C.R. Vol. 7, pp. 724-25, 727). Therefore, without any further discussion, Ground Two (G) is denied.

Ground Two (I)[5]

Next Richardson argues that his Sixth Amendment right was violated when counsel failed to object to the prosecuting attorney crying in the presence of the jury and for not requesting a curative instruction. Contrary to Petitioner's assertion, defense counsel did object to the prosecutor's show of emotion during Oliver's testimony. (S.C.R. Vol. 7, p. 669). Defense counsel requested that the prosecutor be admonished and the court obliged. (S.C.R. Vol. 7 pp. 670-71). Also contrary to Petitioner's allegations, defense counsel appears to have requested a cautionary instruction to address any emotional display by attorneys or members of the gallery. (S.C.R. Vol. 7, p. 671). Although the record does not reflect that a curative instruction was given, defense counsel did, in fact, request such

---

[5] As discussed *supra*, the court has determined that Ground Two (H) is procedurally barred.

an instruction. Petitioner's disapproval is completely misdirected. Consequently, defense counsel's assistance was not inadequate, but was entirely reasonable and competent. The state court did not err when it rejected Ground Two (I).

To the extent Richardson may have alleged that the jury charge was erroneous, "improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71-72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). To warrant federal habeas relief from alleged error in state court's jury instructions, a petitioner must show that the error resulted in prejudice of a constitutional magnitude which had a "substantial and injurious effect or influence on the determination fo the jury's verdict." *Garcia v. Quarterman*, 464 F.3d 441, 446 (5th Cir. 2006); *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999). Richardson has not made even a meager attempt to demonstrate the requisite prejudice. As a result, the court finds that there was no due process violation by the trial court's failure to give a curative instruction and the state court's rejection of this argument was entirely proper.

Ground Two (J)

Petitioner finally argues that his counsel was ineffective by withdrawing a motion for change of venue. Since Petitioner was tried in a small rural community for an infamous crime, the argument has some initial appeal. Interestingly, however, Petitioner conveniently fails to recall the hearing on the motion for change of venue wherein, after being questioned under oath, he freely choose to withdraw the motion. (S.C.R. Vol. 3, pp. 66-67).

Petitioner should not be heard to complain of any purported constitutional error occasioned by his own actions. Additionally, "[c]ounsel will not be deemed ineffective for following his client's wishes, so long as the client made an informed decision." *Dowthitt v. Johnson*, 230 F.3d 733, 748 (5th Cir. 2000); *see also Brawner v. State*, 947 So.2d 254, 264 (Miss. 2006) (a contrary holding

would allow defendants to create ineffective assistance). Therefore, Ground Two (J) is without merit.

Each of Petitioner's grounds for relief based on ineffective assistance of counsel is unavailing. If, by some unforseen cosmic force, Petitioner has shown some act or omission that could be considered deficient, he has, nevertheless, wholly failed to demonstrated the concomitant prejudice. Resultantly, the state court's dismissal of Petitioner's ineffective assistance of counsel allegations did not contradict clearly established federal law, nor was it an unreasonable application of the law.

Ground Three (A)

Petitioner contends that the trial court erred by allowing a child of tender years–Oliver Richardson– to testify. Though this ground for relief contains, perhaps, more explanation than others, the full paragraph argument is conclusory in nature. For example, Petitioner seems to suggest that there is a *per se* rule that would prohibit a child of four or six years of age from being considered competent to testify as a witness. Further, Petitioner does attempt to bolster his theory by pointing to contradictions in Oliver's testimony.

Some attention was paid to this issue, *supra,* under Ground Two(E) wherein the court determined that the trial judge appropriately exercised his discretion and, having been fully informed, found Oliver competent to testify. There is no bright-line rule in this state or in the Fifth Circuit that prohibits a child of any predetermined age from testifying. Rather, such determinations are made according to the facts, abilities and maturation level of each child in a given case. *See e.g. Frei v. State*, 934 So.2d 318, 322 (Miss. App. 2006) (four-year-old was competent to testify about sexual abuse that occurred when she was three); *see also U.S. v. Perez*, 526 F.2d 859, (5th Cir. 1976).

As for the contradictions in young Oliver's testimony, it is well settled that a jury is the ultimate arbiter of witness credibility and fact. *U.S. v. Rodriguez.*, 278 F.3d 486, 491 (5th Cir. 2002).

Absent exceptional circumstances, which are not present here, the court will not disturb the jury's findings. *U.S. v. Caldwell*, 820 F.2d 1395, 1400 (5th Cir. 1987). Accordingly, the state court's denial of relief based upon the testimony of Oliver Richardson was entirely reasonable and appropriate. Ground Three (A) shall be dismissed.

Ground Three (B)

Next Petitioner argues that the trial court erred by allowing "gruesome photos" to be presented to the jury. The subject photographs depicted the victims and their fatal injuries as well as the crime scene. Petitioner contends that the photos had no probative value and the only reason for their introduction was to cause prejudice and inflame the jury. Once again, Petitioner makes only a conclusory argument lacking any substance and little explanation.

Generally, evidentiary errors do not provide a basis for habeas relief unless the ruling "violates a specific federal constitutional right or is so egregious such that it renders the petitioner's trial fundamentally unfair." *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005). The admissibility of photographs is an evidentiary question for the trial judge. *Mercado v. Massey*, 536 F.2d 107, 108 (5th Cir. 1976).

As to the admission of this evidence, the state appellate court wrote,

> The photos were clearly probative and admissible. They served to supplement and illustrate the testimony as to the crimes and the crime scene. "Photos of the victim have evidentiary value when they aid in describing the circumstances of the killing, the location of the body, the cause of death or supplement a witness's testimony."

*Richardson*, 918 So.2d at 762. The state court found no error with the trial judge's admission of the photographs. *Id.* This court agrees. Disregarding Petitioner's conclusion, admitting the photographs was not error, constitutional or otherwise. Nor was Petitioner's trial rendered fundamentally unfair. Thus, the state court properly rejected this argument.

Ground Three (E)[6]

Petitioner's final argument is that the trial court erred by denying Petitioner's motion for directed verdict. Stated differently, Petitioner insists that the verdict was against the overwhelming weight of evidence. He primarily relies on the absence of direct physical evidence as discussed, *supra*, in Ground Two (D).

When considering challenges to the sufficiency of the evidence in habeas proceedings, the relevant inquiry, viewing the evidence in a light most favorable to the prosecution, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *U.S. v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). The focus is not whether the verdict was correct, but rather, whether the jury made a rational decision. *U.S. v. Frye*, ___ F.3d ___, 2007 WL 1620505 at *3 (5th Cir. June 6, 2007). The analysis is the same whether the evidence is direct or circumstantial. *See U.S. v. Burton*, 126 F.3d 666, 670 (5th Cir. 1997).

Contrary to Petitioner's assertion, the absence of direct evidence does not automatically create reasonable doubt and provide Petitioner with the keys to freedom. The jury was free to choose among any reasonable construction of the facts and evidence. *Burton*, 126, F.3d at 669-70. Without reciting the incriminating testimony of each witness and reviewing each unfavorable fact, suffice it to say, there is ample proof in the record to support the trial judge's decision to present the case to the jury and to support its verdict. Resultantly, the state court's rejection of this argument was consistent with clearly established federal law and this argument is without merit.

## **Conclusion**

The court has concluded that the grounds asserted by Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that Petitioner had competent, effective counsel, a fair trial and a jury that returned a reasonable verdict

---

[6] As discussed *supra*, the court has determined that Ground Three (C) and (D) are procedurally barred.

based on sufficient evidence. Therefore, Petitioner's claims are meritless and his petition shall be denied in all respects.

A separate judgement shall issue in accordance with this opinion.

This the 22nd day of June, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE